# Exhibit A

# Proposed Interim Order

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) Case No. 22-10778 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) **Re: Docket No.** |

**INTERIM ORDER
(I) AUTHORIZING THE
DEBTORS TO (A) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING A
SEPARATE MAILING MATRIX FOR EACH DEBTOR, (B) FILE
A CONSOLIDATED LIST OF THE DEBTORS' THIRTY LARGEST
UNSECURED CREDITORS, AND (C) REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors, and (iii) redact certain personally identifiable information, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2022, at\_\_:\_\_ \_.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2022. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The requirements of Local Rule 1007-2(a) and Local Rule 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized, but not directed, to submit a consolidated Creditor Matrix; *provided* that if any of

these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen (14) days of any such conversion.

4. The Debtors are authorized to submit a single consolidated list of their thirty largest unsecured creditors.

5. The Debtors are authorized to redact on the Creditor Matrix or other document filed with the Court (a) the home addresses of individuals and (b) the names, addresses, and other Personal Data of any natural person whose personally identifiable information has been provided to an organization with an establishment in the United Kingdom or a European Economic Area member state. The Debtors shall provide an unredacted version of the Creditor Matrix and any other filings redacted pursuant to this Interim Order to (x) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and (y) to any party in interest upon a request to the Debtors (email is sufficient) or to the Court, that is reasonably related to these chapter 11 cases, subject to the restrictions of the UK GDPR and EU GDPR; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order. Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

6. The Debtors shall cause the Creditor Matrix to be made available in readable electronic format (or in non-electronic format) upon reasonable request by parties-in-interest.

7. Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any individual whose personal identifiable information is sealed or redacted pursuant to this Interim Order. Service of all documents and notices upon individuals whose personal identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service. The Debtors shall provide the personally identifiable information to any party in interest that files a motion that indicates the reason such information is needed and that, after notice and a hearing, is granted by the Court.

8. When serving any notice in these cases on the Debtors' employees, the Debtors' claims and noticing agent, and, where applicable, the Clerk of the Court, shall use the employee's home address.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.