**Exhibit B**

**Jordan Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) ) ) | Case No. 22-10778 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DECLARATION OF ROBERT JORDAN IN SUPPORT
OF DEBTORS' APPLICATION FOR AUTHORIZATION TO
EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC
AS CLAIMS AND NOTICING AGENT EFFECTIVE AS OF AUGUST 23, 2022**

I, Robert Jordan, being duly sworn, state the following under penalty of perjury:

1. I am Senior Managing Director for Kurtzman Carson Consultants LLC ("KCC"), whose offices are located at 1290 Avenue of the Americas, New York, New York 10104. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This declaration (this "Declaration") is made in support of the *Debtors' Application for Authorization to Employ and Retain Kurtzman Carson Consultants LLC as Claims and Noticing Agent Effective as of August 23, 2022* (the "Application").[2]

3. KCC comprises leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. KCC's professionals have

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings ascribed to them in the Application.

experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases. KCC has acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. KCC's cases in this district include the following : *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. June 6, 2021) (authorizing employment and retention of KCC as debtors' claims and noticing agent); *In re Extraction Oil & Gas, Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. June 16, 2020) (same); *In re Pace Indus., LLC*, No. 20-10927 (MFW) (Bankr. D. Del. Apr. 14, 2020) (same); *In re TZEW Holdco LLC*, No. 20-10910 (CSS) (Bankr. D. Del. Apr. 14, 2020) (same); *In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 8, 2020) (same); *In re Valeritas Holdings, Inc.*, No. 20-10290 (LSS) (Bankr. D. Del. Feb. 12, 2020) (same); *In re Melinta Therapeutics, Inc.*, No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019) (same); *In re Celadon Grp., Inc.*, No. 19-12606 (KBO) (Bankr. D. Del. Dec. 10, 2019) (same); *In re HRI Holding Corp.*, No. 19-12415 (MFW) (Bankr. D. Del. Nov. 15, 2019) (same); *In re Highland Capital Mgmt., L.P.*, No. 19-12239 (CSS) (Bankr. D. Del. Oct. 18, 2019) (same); *In re Bayou Steel BD Holdings, L.L.C.*, No. 19-12153 (KBO) (Bankr. D. Del. Oct. 3, 2019) (same); *In re Pancakes & Pies, LLC (f/k/a Perkins & Marie Callender's, LLC)*, No. 19-11743 (KG) (Bankr. D. Del. Aug. 6, 2019) (same); *In re Emerge Energy Services LP*, No. 19-11563 (KBO) (Bankr. D. Del. Jul. 17, 2019) (same); *In re Fuse, LLC*, No. 19-10872 (KG) (Bankr. D. Del. Apr. 24, 2019) (same); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. Apr. 16, 2019) (same); *In re Southcross Energy Partners, L.P.*, No. 19-10702 (MFW) (Bankr. D. Del. Apr. 2, 2019) (same); *In re Novum Pharma, LLC*, No. 19-10209 (KJC) (Bankr. D. Del. Feb. 5, 2019) (same); *In re Egalet Corp.*, No. 18-12439 (BLS) (Bankr. D. Del. Nov. 1, 2018) (same); *In re Welded Constr., L.P.*, No. 18-12378 (KG) (Bankr. D. Del. Oct. 23, 2018) (same); *In re ATD Corp.,* No. 18-12221 (KJC)

(Banrk. D. Del. Oct. 5, 2018) (same); *In re RM Holdco LLC*, No. 18-11795 (MFW) (Bankr. D. Del. Aug. 7, 2018) (same); *In re Heritage Home Grp. LLC*, No. 18-11736 (KG) (Bankr. D. Del. Jul. 31, 2018) (same); *In re Tintri, Inc.*, No. 18-11625 (KJC) (Bankr. D. Del. Jul. 11, 2018) (same); *In re VER Techs. Holdco LLC*, No. 18-10834 (KG) (Bankr. D. Del. Apr. 6, 2018) (same); *In re The Walking Co. Holdings, Inc.*, No. 18-10474 (LSS) (Bankr. D. Del. Mar. 8, 2018) (same); *In re Rand Logistics, Inc.*, No. 18-10175 (BLS) (Bankr. D. Del. Jan. 31, 2018) (same).

4. As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), KCC will perform at the request of the Clerk's office the noticing and claims-related services specified in the Application. In addition, at the Debtors' request, KCC will perform such other noticing, claims, technical, administrative, and support services specified in the Application, subject to 28 U.S.C. § 156(c) and the Claims Agent Protocol.

5. KCC represents, among other things, the following:

    (a) KCC is not a creditor of the Debtors;

    (b) KCC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code;

    (c) KCC will not consider itself employed by the United States government and will not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

    (d) by accepting employment in these chapter 11 cases, KCC waives any rights to receive compensation from the United States government as claims and noticing agent;

    (e) in its capacity as the Claims and Noticing Agent in these chapter 11 cases, KCC will not be an agent of the United States and will not act on behalf of the United States;

(f) KCC will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

(g) in its capacity as Claims and Noticing Agent in these chapter 11 cases, KCC will not intentionally misrepresent any fact to any person;

(h) KCC will be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i) KCC will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) none of the services provided by KCC as Claims and Noticing Agent will be at the expense of the Clerk's office.

6. Although the Debtors do not propose to retain KCC under section 327 of the Bankruptcy Code pursuant to the Application,[3] I caused to be submitted for review by our conflicts system the names of all known potential parties-in-interest (the "Potential Parties in Interest") in these chapter 11 cases. The list of Potential Parties in Interest was provided by the Debtors and included, among other things, the Debtors, non-Debtor affiliates, significant equity holders, the Debtors' current and former directors and officers, secured creditors, top 30 unsecured creditors, vendors, and other parties. The results of the conflict check were compiled and reviewed by KCC professionals under my supervision. At this time, and as set forth in further detail herein, KCC is not aware of any relationship that would present a disqualifying conflict of interest. Should KCC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, KCC will use reasonable efforts to promptly file a supplemental declaration.

---

[3] As stated in the Application, such retention will be sought by separate application.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither KCC, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors or other relevant parties. KCC may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which KCC serves or has served in a neutral capacity as claims and noticing agent or administrative advisor for another chapter 11 debtor.

8. KCC is an indirect subsidiary of Computershare Limited ("Computershare"). Computershare is a financial services and technologies provider for the global securities industry, including providing administrative transfer agent services such as maintaining records of shareholdings and share transfers. Within the Computershare corporate structure, KCC operates as a separate, segregated business unit. As such, any relationships that Computershare and its affiliates maintain do not create an interest of KCC that is materially adverse to the Debtors' estates or any class of creditors or security holders.

9. KCC has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, KCC and its personnel have and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' chapter 11 cases. KCC may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

10. KCC may have relationships with other professionals to be retained by the Debtors. Certain former partners and associates of Kirkland & Ellis LLP ("K&E"), proposed counsel to the Debtors, currently are employed by KCC. Albert Kass, KCC's Senior Executive Vice President

5

of Corporate Restructuring Services, is a former K&E associate. Mr. Kass' work at K&E was unrelated to the Debtors and these chapter 11 cases. Beth Friedman, a Senior Director with KCC's Corporate Restructuring Services, is a former K&E Restructuring Department Coordinator. Adam Gorman, a Senior Managing Consultant with KCC's Corporate Restructuring Services, is a former K&E project assistant.

11. To the best of my knowledge, neither KCC nor any of its partners or employees represents any interest materially adverse to the Debtors' estates with respect to any matter upon which KCC is to be engaged. Based on the foregoing, I believe that KCC is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

                        Respectfully submitted,

Dated: August 23, 2022  
Wilmington, Delaware

*/s/ Robert Jordan*
Robert Jordan
Senior Managing Director, Corporate Restructuring
Kurtzman Carson Consultants LLC

*Proposed Claims and Noticing Agent of the Debtors and Debtors in Possession*