**Exhibit B**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) ) ) | Case No. 22-10778 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |
|  | ) | **Re: Docket No. __** |

**FINAL ORDER
(I) AUTHORIZING PAYMENT OF ALL ACCOUNTS PAYABLE
CLAIMS IN THE ORDINARY COURSE OF BUSINESS, (II) GRANTING
ADMINISTRATIVE EXPENSE PRIORITY TO UNDISPUTED OBLIGATIONS
ON ACCOUNT OF OUTSTANDING ORDERS, (III) AUTHORIZING SATISFACTION
OF OBLIGATIONS RELATED THERETO, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"), (a) authorizing the Debtors to pay all Accounts Payable Claims in the ordinary course of business, (b) granting administrative expense priority to all undisputed obligations on account of Outstanding Orders, (c) authorizing the Debtors to satisfy obligations on account of Outstanding Orders, and (d) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth in this Final Order.

2. The Debtors are authorized, but not directed, to pay prepetition amounts owed to Trade Creditors on account of the Accounts Payable Claims in their discretion in the ordinary course of business.

3. The Debtors are authorized, but not directed, to condition payment of an Accounts Payable Claim on a Trade Creditor's maintenance or application of Customary Terms.

4. If a Trade Creditor, after receiving payment on account of an Accounts Payable Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor, the applicable Debtor may, after consultation with the Required DIP Lenders (as defined in the RSA), exercise any and all rights to seek recovery of the sums paid, including to deem such payment to apply instead to any postpetition amount that may be owing to such Trade Creditor.

5. Any Trade Creditor that accepts payment from the Debtors on account of a prepetition Accounts Payable Claim shall be deemed to have agreed to the terms and provisions of this Final Order.

6. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

7. The Debtors are authorized, but not directed, to pay all undisputed amounts relating to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability

or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

10. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.