**Exhibit B**

**Proposed Final Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) Case No. 22-10778 (___) |
| Debtors. | ) (Joint Administration Requested) |
| | ) **Re: Docket No.** __ |

**FINAL ORDER (I) DETERMINING
ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING UTILITY PROVIDERS
FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES,
(III) APPROVING DEBTORS' PROPOSED PROCEDURES FOR RESOLVING
ADEQUATE ASSURANCE REQUESTS, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an final order (this "Final Order"), (a) authorizing the Debtors to approve the Debtors' proposed adequate assurance of payment for future utility services, (b) prohibiting Utility Providers from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures, and (d) granting related relief all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth in this Final Order.

2. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

3. The following Adequate Assurance Procedures are hereby approved on a final basis:

   a. The Debtors will deposit the Adequate Assurance Deposit in the Adequate Assurance Account as soon as reasonably practicable after entry of this Final Order, but in any event, no later than 20 dayas after the Petition Date.

   b. If an amount relating to Utility Services provided postpetition by any Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account up to the amount applicable to each such Utility Provider by giving notice to: (i) the Debtors, Carestream Health, Inc., 150

Verona Street, Rochester, New York 14608, Attn: Julie Lewis; (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Patrick J. Nash, Jr., P.C., Tricia Schwallier Collins, and Yusuf U. Salloum, and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Nicole L. Greenblatt, P.C. and Rachael M. Bentley; (iii) proposed co-counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19801, Attn: Laura Davis Jones, Timothy P. Cairns, and Edward Corma; (iv) counsel to any statutory committee appointed in these cases; (v) counsel to the DIP Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Jessica Tuchinsky; (vi) counsel to the First Lien Agent and Second Lien Agent, Freshfields Bruckhaus Deringer US LLP, 601 Lexington Avenue, 31st Floor, New York, New York 10022, Attn: Mark F. Liscio and Scott Talmadge; (vii) co-counsel to the Crossover Group, (A) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Philip Dublin, Naomi Moss, Ian Wood, and (B) Troutman Pepper Hamilton Sanders LLP, 1313 Market Street, Suite 5100, Wilmington, Delaware 19801, Attn: Evelyn J. Meltzer; and (viii) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Jane Leamy (collectively, the "Notice Parties"). The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court. To the extent any Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

c. Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve an Adequate Assurance Request on the Notice Parties.

d. Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location for which the Utility Services are provided; (iii) summarize the Debtors' payment history relevant to the affected account(s); (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

e. Unless a Utility Provider files and serves an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

       f.       Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request.

       g.       The Debtors may, in consultation with the Required DIP Lenders (as defined in the RSA), without further order from the Court, resolve any Adequate Assurance Request by mutual agreement with a Utility Provider and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

       h.       If the Debtors and the Utility Providers are unable to reach a consensual resolution within twenty-one days of receipt of an Adequate Assurance Request, or if a Utility Provider was omitted from the Utility Services List and wishes to dispute that they received adequate assurance of future payment as required by section 366 of the Bankruptcy Code as provided by this Final Order, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to that particular Utility Provider (a "<u>Determination Hearing</u>") pursuant to section 366(c)(3) of the Bankruptcy Code.

       i.       Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

4. The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

5. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

6. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

7. The Debtors are authorized to add or remove such parties from the Utility Services List; *provided, however*, that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further,* that, if a Utility Provider is removed from the Utility Services List, the Debtors shall provide the applicable Utility Provider with seven days' notice thereof and the opportunity to respond to such removal. To the extent that there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider shall not be removed from the Utility Services List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved. For any Utility Provider that is subsequently added to the Utility Services List, the Debtors shall serve such Utility Provider a copy of this Final Order, including the Adequate Assurance Procedures, and provide such Utility Provider two weeks' notice to object to the inclusion of such Utility Provider on the Utility Services List. The terms of this order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider.

8. The Debtors shall be authorized to reduce the Adequate Assurance Deposit to reflect terminated utility service upon either (a) obtaining the affected Utility Provider's consent to reduce the Adequate Assurance Deposit; or (b) filing notice with the Court and serving upon the affected Utility Provider a notice of the Debtors' intent to reduce the Adequate Assurance Deposit within fourteen (14) days thereof and receiving no response thereto. Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five business days following the date upon which the plan becomes effective.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized

to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order

10. Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

12. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.