## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) Case No. 22-10778 (JKS) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT CERTAIN PORTIONS OF THE LETTERS RELATED TO THE DIP FACILITY

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[2]

### Relief Requested

1.     The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to redact limited portions of the fee and commitment letters annexed to the DIP Motion (as defined herein), specifically, (i) the portions of the commitment letter relating to the DIP Facility identifying the specific DIP Lender commitment amounts and the fee amounts to be paid to the DIP Agent (the "DIP Lenders Commitment Letter") and the portions of the fee letter relating to the DIP Facility identifying the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232).  The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2]     A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Scott H. Rosa, Chief Financial Officer of Carestream Health, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.  Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration or in the contemporaneously filed *Joint Prepackaged Chapter 11 Plan of Reorganization of Carestream Health, Inc. and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), as applicable..

specific fee amounts to be paid to the DIP Agent (the "DIP Agent Fee Letter" and, together with the DIP Lenders Commitment Letter, collectively, the "DIP Letters"), the forms of which DIP Agent Fee Letter and the DIP Lenders Commitment Letter are identified as Exhibits C and D to the *Debtors' Motion Seeking Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* Docket No. 18 (the "DIP Motion")[3]; (b) directing that those redacted portions of the DIP Letters shall remain under seal and confidential, except to the United States Bankruptcy Court for the District of Delaware (the "Court"), the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to any official committee of unsecured creditors appointed in these cases (the "UCC"); and (c) granting related relief.

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the DIP Motion.

enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1

## Basis for Relief

4.      Contemporaneously herewith, the Debtor filed their *Notice of Fling of Proposed Redacted Version of the Debtors' Motion Seeking Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "Notice of Proposed Redacted Versions").

5.      Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b).  Specifically, section 107(b) provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

*Id.*  Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

6.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  *See* Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]"  *Id*.  Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document . . . under seal must file a motion to requesting such relief[.]"  Del. Bankr. L.R. 9018-1(d)(i).

7.      If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citing *Orion Pictures*); *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party).").  Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause."  *Orion Pictures*, 21 F.3d at 28.  "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose."  *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005); *see also In re A C & S Inc.*, 775 Fed. Appx. 78, 79 (3d Cir. 2019) (mem.) (finding that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes").  Courts are required to

provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27; *accord In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 753 (Bankr. D. Del. 2018) (citing *Orion Pictures*). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing Ltd*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

8.      "Commercial information"—"information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the debtor"—is one category of information within the scope of section 107(b) of the Bankruptcy Code. *Alterra Healthcare*, 353 B.R at 75 (quoting *Orion Pictures*); *Altegrity*, 2015 WL 10963572, at *3; *see also Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures,* 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature); *accord Altegrity*, 2015 WL 10963572, at *3 (citing *Orion Pictures*).

9.      Here, certain portions of the DIP Letters contain sensitive commercial information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code. In connection with the DIP Facility, the Debtors have, as is customary, agreed to pay certain fees and expenses to the DIP Agent and the DIP Lenders in connection with their agreement to provide the DIP Facility. By their terms, the DIP Letters require the Debtors to keep the descriptions of

the DIP Lenders' commitment amounts and the DIP Agent's fees and the fee amounts contained therein confidential. The DIP Agent and DIP Lenders treat this information as highly sensitive and confidential, the information is not public, and disclosure of this commercial information could cause significant injuries to the DIP Agent and the DIP Lenders. The descriptions of the DIP Lenders' commitment amounts and the DIP Agent's fees and the fee amounts set forth in the DIP Letters constitute proprietary information not typically disclosed to the public or to competing financial institutions. A broad publication of this information in the DIP Letters would be inappropriate and materially harmful to the businesses of the DIP Agent and DIP Lenders. In light of the highly competitive nature of the investment banking and finance lending industries, it is of critical importance to the DIP Agent and DIP Lenders that the details of the commitment amounts, the fee structures, and the fee amounts set forth in the DIP Letters be kept confidential so that their competitors cannot use the information contained therein to gain a strategic advantage over the DIP Agent and DIP Lenders in the marketplace.

10.     Because certain portions of the DIP Letters contain highly confidential and sensitive commercial information, the Debtors submit that they should be authorized to redact those portions of the DIP Letters identifying the specific commitment amount and fee structure. The Debtors submit that other parties in interest will not be materially prejudiced because unredacted versions of the DIP Letters, in their entirety, will be reviewed by the Court, the U.S. Trustee, and counsel to the UCC, on a confidential basis.

11.     Courts in this jurisdiction have previously determined that certain documents entered into in connection with postpetition financing, such as fee or expense letters, qualify as "confidential commercial information" within the meaning of section 107(b) of the Bankruptcy Code and have authorized the filing of such documents under seal. *See*, *e.g.*, *In re  Extraction Oil*

*& Gas Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. June 14, 2020) (granting debtors' motion to file

DIP fee letter under seal); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 2, 2019)

(same); *In re CTI Foods, LLC*, No. 19-10497 (CSS) (Bankr. D. Del. Mar. 12, 2019) (same);

*In re Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del. Jan. 17, 2019) (same);

*In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del. Oct. 9, 2018) (same).

12.     Accordingly, with respect to the DIP Letters, the Debtors request authority to redact

the DIP Lenders' commitment amounts and the DIP Agent's fees to be paid, as applicable, certain

of which are confidential amongst the DIP Agent, DIP Lenders, and the Debtors.

## **Compliance with Local Rule 9018-1(d)**

13.     The undersigned proposed counsel to the Debtors believe to the best of their

knowledge that this motion and the Notice of Filing of Proposed Redacted Versions comply with

Local Rule 9018-1(d).  Additionally, to the best of the knowledge, information, and belief of the

undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to

seal pursuant to the relief requested in this motion do not contain information subject to the

Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in  Local Rule

9018-1(d)(iii)).

## **Notice**

14.     The Debtors will provide notice of this motion to the following parties or their

respective counsel in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well

as the Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due

notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery,

to parties-in-interest, including:  (a) the U.S. Trustee for the District of Delaware; (b) the holders

of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to

the DIP Agent; (d) counsel to the First Lien Agent and the Second Lien Agent; (e) counsel to the

Crossover Group; (f) the office of the attorney general for each of the states in which the Debtors operate; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; (i) all parties who are known, after reasonable inquiry, to have asserted a lien, encumbrance, or claim in the Prepetition Collateral; (j) the Debtors' landlords; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

15.     No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

*[Remainder of page intentionally left blank]*

Dated:  August 23, 2022              */s/ Laura Davis Jones*
Wilmington, Delaware                 Laura Davis Jones (DE Bar No. 2436)
                                     Timothy P. Cairns (DE Bar No. 4228)
                                     Edward Corma (DE Bar No. 6718)
                                     **PACHULSKI STANG ZIEHL & JONES LLP**
                                     919 North Market Street, 17th Floor
                                     P.O. Box 8705
                                     Wilmington, Delaware 19801
                                     Telephone:    (302) 652-4100
                                     Facsimile:    (302) 652-4400
                                     Email:        ljones@pszjlaw.com
                                                   tcairns@pszjlaw.com
                                                   ecorma@pszjlaw.com

                                     -and-

                                     Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)
                                     Tricia Schwallier Collins (*pro hac vice* pending)
                                     Yusuf U. Salloum (*pro hac vice* pending)
                                     **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     300 North LaSalle Street
                                     Chicago, Illinois 60654
                                     Telephone:    (312) 862-2000
                                     Facsimile:    (312) 862-2200
                                     Email:        patrick.nash@kirkland.com
                                                   tricia.schwallier@kirkland.com
                                                   yusuf.salloum@kirkland.com

                                     -and-

                                     Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
                                     Rachael M. Bentley (*pro hac vice* pending)
                                     **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     601 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:    (212) 446-4800
                                     Facsimile:    (212) 446-4900
                                     Email:        nicole.greenblatt@kirkland.com
                                     Email:        rachael.bentley@kirkland.com

                                     *Proposed Co-Counsel for the Debtors and Debtors in Possession*