# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) | Case No. 22-10778 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 20** |

**ORDER (I) SCHEDULING A COMBINED
DISCLOSURE STATEMENT APPROVAL AND PLAN
CONFIRMATION HEARING, (II) APPROVING RELATED DATES,
DEADLINES, NOTICES, AND PROCEDURES, (III) APPROVING
THE SOLICITATION PROCEDURES AND RELATED DATES,
DEADLINES, AND NOTICES, (IV) APPROVING THE RIGHTS
OFFERING PROCEDURES AND RELATED DATES, DEADLINES, AND
NOTICES, AND (V) CONDITIONALLY WAIVING THE REQUIREMENTS
THAT (A) THE U.S. TRUSTEE CONVENE A MEETING OF CREDITORS
AND (B) THE DEBTORS FILE SCHEDULES OF ASSETS AND LIABILITIES,
STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing related dates and deadlines, including the Objection Deadline, and approving related procedures, (c) approving the Solicitation Procedures, (d) approving the Solicitation Packages (including with respect to Holders of First Lien Revolving Claims in Class 3, the ABL Roll Election Form, and with respect to Holders of Claims in Class 4 as of the Rights Offering Record Date, the Rights

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Offering Procedures and the Rights Offering Subscription Form), (e) approving the form and manner of the Combined Hearing Notice and the Publication Notice, (f) approving the form and manner of the Ballots; (g) provided that the Plan is confirmed within seventy-five days of the Petition Date, conditionally (A) directing that the U.S. Trustee not convene a Creditors' Meeting under section 341(e) of the Bankruptcy Code, and (B) waiving the requirement that the Debtors file Schedules, SOFAs, and 2015.3 Reports, and (h) allowing the notice period for the Disclosure Statement and Combined Hearing to run simultaneously, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is granted as set forth in this Order.

2. The following Confirmation Schedule is hereby approved:

| Event | Date |
|---|---|
| Voting Record Date and Rights Offering Record Date | August 15, 2022 |
| Solicitation Commencement Date | August 21, 2022 |
| Voting Deadline and Rights Offering Subscription Deadline | August 22, 2022, at 12:00 p.m., prevailing Eastern Time |
| Petition Date | August 23, 2022 |
| Service of Combined Hearing Notice | As soon as practicable following approval of the Combined Hearing Notice |
| ABL Roll Election Deadline | September 2, 2022 |
| Initial Plan Supplement Deadline | September 14, 2022 |
| Objection Deadline | September 21, 2022, at 5:00 p.m., prevailing Eastern Time |
| Deadline to File Confirmation Brief and Reply | September 26, 2022, at 12:00 p.m., prevailing Eastern Time |
| Combined Hearing | September 28, 2022, at 2:00 p.m., prevailing Eastern Time |

3. The Combined Hearing, at which time this Court will consider, among other things, final approval of the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on **September 28, 2022, at 2:00 p.m., prevailing Eastern Time**. The Combined Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court or at the Combined Hearing, and notice of such adjourned date(s) will be available on the electronic case filing docket.

4. Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan shall be filed on or before **September 21, 2022, at 5:00 p.m., prevailing Eastern Time** (the "Objection Deadline").

5. Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state the legal or factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with this Court with proof of service thereof.

6. Any brief in support of confirmation of the Plan and approval of the adequacy of the Disclosure Statement (including any reply to any objections) shall be filed no later than **September 26, 2022, at 12:00 p.m., prevailing Eastern Time**. Local Rule 9006-1 is modified to the extent necessary to implement the foregoing.

7. The Voting Record Date (August 15, 2022) and the Voting Deadline (August 22, 2022) are approved.

8. The Rights Offering Record Date (August 15, 2022) and the Rights Offering Subscription Deadline (August 22, 2022) are approved.

9. Notwithstanding anything to the contrary in the Motion, the ABL Roll Election Deadline shall be September 2, 2022, and is approved.

10. The Debtors will file an initial Plan Supplement by September 14, 2022.

11. The form and service of each of (a) the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, (b) the Publication Notice, substantially in the form attached hereto as **Exhibit 2**, (c) the Solicitation Cover Letter, substantially in the form attached hereto as

**Exhibit 3**, (d) the Ballots, substantially in the forms attached hereto as **Exhibits 4** and **5**, (e) the Rights Offering Procedures substantially in the form attached hereto as **Exhibit 6**, (f) the Rights Offering Subscription Form, substantially in the form attached hereto as **Exhibit 7**, (g) the ABL Roll Election Form, substantially in the form attached hereto as **Exhibit 8**, each comply with the applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and are approved in all respects.

12. The notice provided by the Combined Hearing Notice and the Publication Notice of the matters set forth therein constitutes good and sufficient notice of such matters for all purposes and no other or further notice shall be necessary. The notice procedures set forth herein constitute good and sufficient notice of the commencement of these chapter 11 cases and the Combined Hearing and the deadline and procedures for objecting to the adequacy of the Disclosure Statement and/or confirmation of the Plan.

13. The Solicitation Procedures satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations, and are approved in all respects.

14. The procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided in the Ballots and Disclosure Statement are approved.

15. The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims or Interests that are (a) Unimpaired and conclusively presumed to accept the Plan or (b) Impaired and deemed to reject the Plan, but will provide a written copy to any Holder upon request.

16. The Rights Offering Procedures and the Rights Offering Subscription Form satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable rules, laws, and regulations, and are approved in all respects.

17. The U.S. Trustee need not and shall not convene a meeting of creditors pursuant to section 341(e) of the Bankruptcy Code unless the Plan is not confirmed within seventy-five days following the Petition Date, without prejudice to the Debtors' right to request further extensions thereof.

18. Cause exists to waive the requirement that the Debtors file the Schedules, SOFAs, and 2015.3 Reports if the Plan is confirmed within seventy-five days of the Petition Date, without prejudice to the Debtors' rights to request further extensions thereof; *provided* that such deadline to file the Schedules, SOFAs, and 2015.3 Reports may be further extended, without further motion by the Debtors, upon further order from the Court submitted on certification of counsel, filed on the docket and served on the notice parties, with prior consent of the U.S. Trustee (which consent may be by email); *provided, further,* that this relief is without prejudice to the Debtors' rights to request further extensions thereof by motion (including if the Debtors and the U.S. Trustee are unable to reach agreement pursuant to the preceding proviso).

19. The Debtors shall cause this Order to be posted on the Case Website as soon as practicable.

20. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute

any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

21. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: August 24th, 2022  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE