# EXHIBIT B

**(Sealing Motion)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) ) | Case No. 22-10778 (JKS) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO REDACT CERTAIN PORTIONS OF THE EXIT ABL FACILITY COMMITMENT DOCUMENTS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion:[2]

### Relief Requested

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to redact limited portions of the Exit ABL Facility Commitment Documents, specifically, (i) the portions of the Commitment Letter identifying the specific commitment amounts of the Exit ABL Backstop Parties and (ii) the portions of the Fee Letters identifying the specific fee amounts to be paid to the Exit ABL Backstop Parties and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Scott H. Rosa, Chief Financial Officer of Carestream Health, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this motion have the meanings ascribed to them in the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Entry Into the Exit ABL Facility Commitment Documents, (II) Authorizing Payment of Fees and Expenses Thereunder, and (III) Granting Related Relief* (the "Exit ABL Facility Commitment Approval Motion") or the *Joint Prepackaged Chapter 11 Plan of Reorganization of Carestream Health, Inc. and Its Debtor Affiliates* (as amended, supplemented, or otherwise modified from time to time, the "Plan"), each filed contemporaneously herewith, as applicable.

Agent;[3] (b) directing that those redacted portions of the Commitment Letter and the Fee Letters shall remain under seal and confidential, except to the United States Bankruptcy Court for the District of Delaware (the "Court"), the United States Trustee for the District of Delaware (the "U.S. Trustee"), and counsel to any official committee of unsecured creditors, if any, appointed in these cases (the "UCC"); and (c) granting related relief.

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1

---

[3] The Commitment Letter is attached to the Exit ABL Facility Commitment Approval Motion as Exhibit B thereto, which has been filed under seal. The Fee Letters are attached to the Exit ABL Facility Commitment Approval Motion as Exhibits C, D, and E thereto, each of which has been filed under seal.

## Basis for Relief

4. Contemporaneously herewith, the Debtors filed their *Notice of Filing of Proposed Redacted Version of the Debtors' Motion for Entry of an Order (I) Approving the Debtors' Entry Into the Exit ABL Facility Commitment Documents, (II) Authorizing Payment of Fees and Expenses Thereunder, and (III) Granting Related Relief* ("<u>Notice of Filing of Proposed Redacted Version</u>").

5. Pursuant to section 107(b) of the Bankruptcy Code, a bankruptcy court must protect entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information;

*Id.* Section 105(a) of the Bankruptcy Code, in turn, codifies the inherent equitable powers of bankruptcy courts and empowers them to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. *See* Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information[.]" *Id*. Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document . . . under seal must file a motion to requesting such relief[.]" Del. Bankr. L.R. 9018-1(d)(i).

7. If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *accord In re Alterra Healthcare Corp.*, 353 B.R. 66, 75–76 (Bankr. D. Del. 2006) (citing *Orion Pictures*); *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party)."). Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005); *see also In re A C & S Inc.*, 775 Fed. Appx. 78, 79 (3d Cir. 2019) (mem.) (finding that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes"). Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27; *accord In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 753 (Bankr. D. Del. 2018) (citing *Orion Pictures*). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Global Crossing Ltd*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

8. "<u>Commercial information</u>"—"information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the

debtor"—is one category of information within the scope of section 107(b) of the Bankruptcy Code. *Alterra Healthcare*, 353 B.R at 75 (quoting *Orion Pictures*); *Altegrity*, 2015 WL 10963572, at *3; *see also Global Crossing*, 295 B.R. at 725 (holding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures,* 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential" and "commercial" in nature); *accord Altegrity*, 2015 WL 10963572, at *3 (citing *Orion Pictures*).

9. Here, certain portions of the Exit ABL Facility Commitment Documents contain sensitive commercial information, thus satisfying one of the categories enumerated in section 107(b) of the Bankruptcy Code. In connection with the Exit ABL Facility, the Debtors have, as is customary, agreed to pay certain fees and expenses to the Exit ABL Backstop Parties and the Agent in connection with their agreement to provide the Exit ABL Facility. By their terms, the Exit ABL Facility Commitment Documents require the Debtors to keep confidential the descriptions of the Exit ABL Backstop Parties' commitment amounts and the Exit ABL Backstop Parties' and the Agent's respective fees and fee amounts contained therein. The Exit ABL Backstop Parties and the Agent treat this information as highly sensitive and confidential, the information is not public, and disclosure of this commercial information could cause significant injuries to the Exit ABL Backstop Parties and the Agent. The descriptions of the Exit ABL Backstop Parties' commitment amounts and the respective fees and fee amounts of the Exit ABL Backstop Parties and the Agent constitute proprietary information not typically disclosed to the

public or to competing financial institutions. A broad publication of this information in the Exit ABL Facility Commitment Documents would be inappropriate and materially harmful to the businesses of the Exit ABL Backstop Parties and the Agent. In light of the highly competitive nature of the investment banking and finance lending industries, it is of critical importance to the Exit ABL Backstop Parties and the Agent that the details of the commitment amounts and the fee structures and fee amounts set forth in the Exit ABL Facility Commitment Documents be kept confidential so that their competitors cannot use the information contained therein to gain a strategic advantage over the Exit ABL Backstop Parties and the Agent in the marketplace.

10. Because certain portions of the Exit ABL Facility Commitment Documents contain highly confidential and sensitive commercial information, the Debtors submit that they should be authorized to redact those portions of the Exit ABL Facility Commitment Documents identifying the specific commitment amounts and the fee structure. The Debtors submit that other parties in interest will not be materially prejudiced because unredacted versions of the Exit ABL Facility Commitment Documents, in their entirety, will be reviewed by the Court, the U.S. Trustee, and counsel to the UCC (if any), on a confidential basis.

11. Courts in this jurisdiction have previously determined that certain documents entered into in connection with postpetition financing, such as fee or expense letters, qualify as "confidential commercial information" within the meaning of section 107(b) of the Bankruptcy Code and have authorized the filing of such documents under seal. *See*, *e.g.*, *In re Extraction Oil & Gas Inc.*, No. 20-11548 (CSS) (Bankr. D. Del. June 14, 2020) (granting debtors' motion to file DIP fee letter under seal); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 2, 2019) (same); *In re CTI Foods, LLC*, No. 19-10497 (CSS) (Bankr. D. Del. Mar. 12, 2019) (same); *In re Checkout Holding Corp.*, No. 18-12794 (KG)

(Bankr. D. Del. Jan. 17, 2019) (same); *In re ATD Corp.*, No. 18-12221 (KJC) (Bankr. D. Del. Oct. 9, 2018) (same).

## **Compliance with Local Rule 9018-1(d)**

12. The undersigned proposed counsel to the Debtors believe to the best of their knowledge that this motion and the Notice of Filing of Proposed Redacted Version comply with Local Rule 9018-1(d).  Additionally, to the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief requested in this motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## **Notice**

13. The Debtors will provide notice of this motion to the following parties or their respective counsel in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including:  (a) the U.S. Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Agent; (d) counsel to the First Lien Agent and the Second Lien Agent; (e) counsel to the Crossover Group; (f) counsel to the Agent; (g) the office of the attorney general for each of the states in which the Debtors operate; (h) the United States Attorney's Office for the District of Delaware; (i) the Internal Revenue Service; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **No Prior Request**

14. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this motion and granting such other and further relief as is appropriate under the circumstances.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: August 23, 2022<br>Wilmington, Delaware | */s/ Laura Davis Jones*<br>Laura Davis Jones (DE Bar No. 2436)<br>Timothy P. Cairns (DE Bar No. 4228)<br>Edward Corma (DE Bar No. 6718)<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>Email: ljones@pszjlaw.com<br>tcairns@pszjlaw.com<br>ecorma@pszjlaw.com<br><br>-and-<br><br>Patrick J. Nash, Jr., P.C. (*pro hac vice* pending)<br>Tricia Schwallier Collins (*pro hac vice* pending)<br>Yusuf U. Salloum (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: patrick.nash@kirkland.com<br>tricia.schwallier@kirkland.com<br>yusuf.salloum@kirkland.com<br><br>-and-<br><br>Nicole L. Greenblatt, P.C. (*pro hac vice* pending)<br>Rachael M. Bentley (*pro hac vice* pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: nicole.greenblatt@kirkland.com<br>rachael.bentley@kirkland.com<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* |

**<u>Exhibit A</u>**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) | Case No. 22-10778 (JKS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## ORDER AUTHORIZING THE DEBTORS TO REDACT CERTAIN PORTIONS OF THE EXIT ABL FACILITY COMMITMENT DOCUMENTS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this Order"), (a) authorizing the Debtors to redact limited portions of the Exit ABL Facility Commitment Documents; (b) directing that those redacted portions of the Exit ABL Facility Commitment Documents shall remain under seal and confidential and not be made available to anyone except to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the UCC (if any); and (iv) any other party as may be ordered by the Court or agreed to by the Debtors, the Exit ABL Backstop Parties, and the Agent, in each case, pursuant to appropriate confidentiality standards satisfactory to the Debtors, the Exit ABL Backstop Parties, and the Agent that preserve the confidentiality of the Exit ABL Facility Commitment Documents (and any information derived therefrom), and (c) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to redact those portions of the Exit ABL Facility Commitment Documents that identify (a) specific commitment amounts; and (b) specific types of fees or fee amounts, in each case, as set forth in the Notice of Filing of Proposed Redacted Versions, subject to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Except upon further order of the Court, the unredacted versions of the Exit ABL Facility Commitment Documents shall remain under seal, except that copies of the unredacted versions of the Exit ABL Facility Commitment Documents shall be provided to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the UCC (if any), and (iv) any other party as may be ordered by the Court or agreed to by the Debtors, the Exit ABL Backstop Parties, and the Agent, in each case pursuant to appropriate confidentiality standards satisfactory to the Debtors, the Exit ABL

Backstop Parties, and the Agent that preserve the confidentiality of the Exit ABL Facility Commitment Documents (and any information derived therefrom). Such parties shall be bound by this Order, shall at all times keep the redacted provisions of the Exit ABL Facility Commitment Documents strictly confidential, and shall not disclose the redacted contents thereof to any party whatsoever.

4. The Debtors and any party authorized to receive copies of unredacted versions of the Exit ABL Facility Commitment Documents pursuant to this Order shall, subject to Local Rule 9018-1(c) and without further Order of the Court: (a) redact specific references to the redacted portions of the Exit ABL Facility Commitment Documents from any and all pleadings filed on the public docket maintained in these chapter 11 cases; and (b) not use or refer to the redacted portions of the Exit ABL Facility Commitment Documents in any hearing unless appropriate safeguards have been put in place to protect the confidentiality of the information.

5. Any Bankruptcy Rule (including Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

6. This Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.