# EXHIBIT D

**(Blackline Comparing Revised Proposed Order to Original Order)**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) | Case No. 22-10778 ~~(—)~~(JKS) |
| | ) | |
| Debtors. | ) | ~~(Joint Administration Requested)~~(Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. ~~—~~17** |

### ORDER (I) APPROVING THE DEBTORS' ENTRY INTO THE EXIT ABL FACILITY COMMITMENT DOCUMENTS, (II) AUTHORIZING PAYMENT OF FEES AND EXPENSES THEREUNDER, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) approving the Debtors' entry into and performance under the Exit ABL Facility Commitment Documents; (b) authorizing the Debtors to pay the Exit ABL Facility Obligations; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration and the Rosa Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. The Debtors' entry into the Exit ABL Facility Commitment Documents, and all terms, conditions, and covenants set forth therein, ~~are hereby approved.~~ including the Expense Reimbursement and Indemnification Provisions contained in the Commitment Letter, are hereby approved; provided that both (a) approval of the Exit ABL Facility and any related definitive documentation, and (b) authorization for the Debtors to take any and all actions necessary or appropriate to consummate the New ABL Facility remain subject to further order of the Court.

3. The Debtors are authorized, but not directed, to fully perform their obligations as and when they are incurred and come due ~~under the Exit ABL Facility Commitment Documents~~, including ~~incurring~~ with respect to the Expense Reimbursement and ~~paying the Exit ABL Facility Obligations~~ Indemnification, in each case on the terms and subject to the conditions set forth in the ~~Exit ABL Facility~~ Commitment ~~Documents.~~ Letter and this Order.

4. The Expense Reimbursement and Indemnification are each necessary to preserve the value of the Debtors' estates and shall each be treated as an allowed administrative expense under section 503(b) of the Bankruptcy Code.

5. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

6. ~~The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.~~

~~7.~~6.     The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

~~8.~~7.     Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

~~9.~~8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

~~10.~~9.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

~~11.~~10.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

~~12.~~11.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.