# **Exhibit 2**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CARESTREAM HEALTH, INC., *et al.*,[1] ) | Case No. 22-10778 (JKS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | **Re: Docket No. 29** |

## INTERIM ORDER AUTHORIZING THE DEBTORS TO REDACT CERTAIN PORTIONS OF THE LETTERS RELATED TO THE DIP FACILITY

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Interim Order"), (a) authorizing the Debtors to redact limited portions of the letters annexed to the DIP Motion, specifically, (i) the portions of the commitments of the DIP Lenders identifying the specific DIP Lender commitment amounts and the fee amounts to be paid to the DIP Agent and (ii) the portions of the fee letter identifying the specific fee amounts to be paid to the DIP Agent; which are identified as Exhibits C and D to the DIP Motion; (b) directing that those redacted portions of the DIP Letters shall remain under seal and confidential and not be made available to anyone except to the (i) Court, (ii) the U.S. Trustee, (iii) counsel to the UCC; and (iv) any other party as may be ordered by the Court or agreed to by the Debtors and the DIP Agent, in each case pursuant to appropriate confidentiality standards satisfactory to the Debtors and the DIP Agent that preserve the confidentiality of the DIP Letters (and any information derived therefrom), and (c) granting related relief; all as more fully

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
2210778220824000000000024

set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on September 28, 2022, at 2:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on September 21, 2022. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, on an interim basis, to redact those portions of the DIP Letters that identify specific amounts or types of fees payable to the DIP Agent and the DIP Lender commitment amounts, as set forth in the Notice of Filing of Proposed Redacted Versions, subject

to further order of the Court, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. Except upon further order of the Court, the unredacted versions of the DIP Letters shall remain under seal, except that copies of the unredacted versions of the DIP Letters shall be provided to (i) Court, (ii) the U.S. Trustee, (iii) counsel to the UCC, and (iv) any other party as may be ordered by the Court or agreed to by the Debtors and the DIP Agent, in each case pursuant to appropriate confidentiality standards satisfactory to the Debtors and the DIP Agent that preserve the confidentiality of the DIP Letters (and any information derived therefrom). Such parties shall be bound by this Interim Order, shall at all times keep the redacted provisions of the DIP Letters strictly confidential, and shall not disclose the redacted contents thereof to any party whatsoever.

5. The Debtors and any party authorized to receive copies of unredacted versions of the DIP Letters pursuant to this Interim Order shall, subject to Local Rule 9018-1(c) and without further order of the Court: (a) redact specific references to the redacted portions of the DIP Letters from any and all pleadings filed on the public docket maintained in these chapter 11 cases; and (b) not use or refer to the redacted portions of the DIP Letters in any hearing unless appropriate safeguards have been put in place to protect the confidentiality of the information.

6. Any Bankruptcy Rule (including Bankruptcy Rule 6004(h)) or Local Rule that might otherwise delay the effectiveness of this Interim Order is hereby waived, and the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

7. This Interim Order is without prejudice to the rights of any party in interest to seek to unseal and make public any portion of the material filed under seal.

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

9.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: August 24th, 2022
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4