## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) | Case No. 22-11778 (JKS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
WAIVING LOCAL RULE 3017-3 TO PERMIT THE DEBTORS
TO EXCEED THE PAGE LIMIT REQUIREMENT FOR THE DEBTORS'
MEMORANDUM OF LAW IN SUPPORT OF AN ORDER APPROVING
THE DEBTORS' DISCLOSURE STATEMENT FOR, AND CONFIRMING,
THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION
OF CARESTREAM HEALTH, INC. AND ITS DEBTOR AFFILIATES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion:[2]

**Relief Requested**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order") waiving the requirements of rule 3017-3 of the Local Rules (as defined

herein) to permit the Debtors to exceed the page limit requirement for the Debtors' memorandum

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232).  The location of the Debtors' service address is:  150 Verona Street, Rochester, New York 14608.

[2]   A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Scott H. Rosa, Chief Financial Officer of Carestream Health, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 16] (the "First Day Declaration").  Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration or in the *Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Carestream Health, Inc. and Its Debtor Affiliates* [Docket No. 159] (as amended, supplemented, or otherwise modified from time to time, the "Plan"), as applicable.

of law in support of approval of their Disclosure Statement for, and confirming, their Plan (the "Confirmation Brief").

## Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are Local Rules 3017-3 and 1001-1(c).

## Background

5.      The Debtors, together with their non-Debtor affiliates (collectively, "Carestream" or the "Company"), are a leading provider of medical imaging and non-destructive testing products with over 100 years of industry experience.  The Company is a partner of choice to approximately 8,000 direct customers and approximately 900 dealers in more than 130 countries.  Its products are used by prominent health systems, hospitals, imaging centers, specialty practices and industrial companies worldwide.  Headquartered in Rochester, New York, Carestream employs a global workforce of approximately 3,410 employees with approximately 180 contractors.

6.      Carestream, like many businesses, faced significant headwinds in 2020, principally as a result of changing product and customer trends and the global COVID-19 pandemic, which, in light of the Debtors' capital structure, placed substantial strain on the Debtors' businesses.  To alleviate the strain, the Debtors executed a voluntary amend-and-extend transaction in early 2020 that extended the maturities of their first lien revolver and term loan and second lien term loan debt.  The amend-and-extend transaction provided the Debtors with time to meaningfully examine various strategic alternatives, including sale transactions and debt-for-equity exchanges to deleverage the Company.

7.      Ultimately, the Debtors determined that a substantial deleveraging combined with new capital investment was the best path forward for their business.  To implement the foregoing, the Debtors negotiated, and ultimately agreed, with a majority of their prepetition secured lenders and their equity sponsor on the terms of a comprehensive financial restructuring.  The terms of the proposed restructuring are memorialized in a restructuring support agreement (the "RSA") that serves as the foundation of the Debtors' prepackaged Plan.  Under the RSA, the Debtors will eliminate approximately $470 million of prepetition funded debt and raise up to $75 million of new equity capital, while also leaving general unsecured claims unimpaired.  As of August 23, 2022 (the "Petition Date"), the Debtors have fully solicited their Plan, which was accepted by all creditor classes entitled to vote, including lenders collectively holding approximately 73% of the Debtors' prepetition first lien revolver and term loan debt and approximately 98% of the Debtors' prepetition second lien term loan debt.

8.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b)

[Docket No. 71].   The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

### Basis for Relief

9.       The Debtors seek entry of an order waiving the requirements of Local Rule 3017-3 to permit them to exceed the page limit requirement with respect to the Confirmation Brief.

10.      Local Rule 3017-3 provides that no brief in support of confirmation of a plan shall exceed 60 pages in length.  Del. Bankr. L.R. 3017-3.  A brief, however, may exceed 60 pages with leave of the Court.  *Id.*  Further, Local Rule 1001-1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice." Del. Bankr. L. R. 1001-1(c).

11.      The Debtors respectfully submit that authority to exceed the page limitations prescribed by Local Rule 3017-3 with respect to the Confirmation Brief is reasonable and appropriate under the circumstances. The Confirmation Brief, as currently drafted, exceeds 60 pages in length.  The Confirmation Brief presents the Debtors' arguments for approval of their Disclosure Statement and confirmation of their Plan, explaining at length how both the Disclosure Statement and the Plan satisfy the Bankruptcy Code's solicitation and confirmation requirements. As a result, the Confirmation Brief addresses in one brief what is typically addressed in two separate briefs.  Thus, the Confirmation Brief exceeds the page limit in Local Rule 3017-3 out of necessity.

12.      Given the background and legal analysis required for the Debtors to explain the basis for approval of the Disclosure Statement and confirmation of the Plan, the Debtors

respectfully submit that it is appropriate for the Court to waive the requirements of Local Rule 3017-3 and to permit the Debtors to file the Confirmation Brief in excess of 60 pages.

## **Notice**

13.     The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of Delaware; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the DIP Agent; (d) counsel to the First Lien Agent and the Second Lien Agent; (e) counsel to the Crossover Group; (f) the office of the attorney general for each of the states in which the Debtors operate; (g) the United States Attorney's Office for the District of Delaware; (h) the Internal Revenue Service; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

14.     No prior request for the relief sought in this motion has been made to this or any other court.


*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.

| | |
|---|---|
| Dated: September 26, 2022<br>Wilmington, Delaware | */s/ Laura Davis Jones* |

Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward Corma (DE Bar No. 6718)
**PACHULSKI STANG ZIEHL & JONES LLP**
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:          ljones@pszjlaw.com
                    tcairns@pszjlaw.com
                    ecorma@pszjlaw.com

-and-

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Tricia Schwallier Collins (admitted *pro hac vice*)
Yusuf U. Salloum (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:          patrick.nash@kirkland.com
                    tricia.schwallier@kirkland.com
                    yusuf.salloum@kirkland.com

-and-

Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Rachael M. Bentley (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:          nicole.greenblatt@kirkland.com
Email:          rachael.bentley@kirkland.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*