# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) Case No. 22-10778 (JKS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 128** |

**ORDER AUTHORIZING THE DEBTORS
TO EMPLOY AND RETAIN KURTZMAN CARSON CONSULTANTS LLC
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF AUGUST 23, 2022**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") granting the employment and retention of Kurtzman Carson Consultants LLC ("KCC") as administrative advisor ("Administrative Advisor") effective as of August 23, 2022 (the "Petition Date") pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1(a), 2016-1, and 9013-1(f) all as more fully described in the Application; and upon the Jordan Declaration; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted on a basis as set forth in this Order.

2. The Debtors are authorized to retain KCC as Administrative Advisor pursuant to section 327(a) of the Bankruptcy Code effective as of the Petition Date under the terms of the Services Agreement, and KCC is authorized to perform the bankruptcy administration services described in the Application and set forth in the Services Agreement.

3. KCC is authorized to take such other action to comply with all duties set forth in the Application.

4. KCC shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. KCC also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in*

*Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Revised UST Guidelines</u>"), both in connection with the Application and the interim and final fee applications to be filed by KCC in these chapter 11 cases.

5. KCC seeks to first apply its retainer to all pre-petition invoices, and thereafter, to hold the retainer under the Services Agreement during the cases as security for the payment of fees and expenses incurred under the Services Agreement.

6. The Debtors shall indemnify KCC in accordance with the terms of the Services Agreement, as modified pursuant to this Order.

7. KCC shall not be entitled to indemnification, contribution or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution or reimbursement therefor are approved by the Court.

8. All requests by KCC for the payment of indemnification as set forth in the Services Agreement shall be made by means of an application to this Court and shall be subject to review by this Court to ensure that payment of such indemnity conforms to the terms of the Services Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, that in no event shall KCC be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty, gross negligence, or willful misconduct.

9. Notwithstanding anything to the contrary in the Services Agreement, the Debtors shall have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen from KCC's gross negligence or willful misconduct; (b) for a contractual dispute in which the Debtors allege the breach of KCC's contractual obligations if the Court

determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution or reimbursement under the terms of the Services Agreement as modified by this Order.

10. In the event that KCC seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Services Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in KCC's own applications, both interim and final, and these invoices and time records shall be subject to the Revised UST Guidelines and the approval of this Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

11. KCC shall not be entitled to reimbursement by the Debtors for any fees, disbursements, or other charges of KCC's counsel other than those incurred in connection with a request of KCC for payment of indemnity.

12. Notwithstanding any provision to the contrary in the Services Agreement, any dispute relating to the services provided by KCC shall be referred to arbitration consistent with the terms of the Services Agreement only to the extent that this Court does not have, retain, or exercise jurisdiction over the dispute.

13. Notice of the Application satisfied the requirements set forth in Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors and KCC are authorized to take all actions necessary to carry out the relief granted in this Order in accordance with the Application.

16. In the event of any inconsistency between the Services Agreement, the Application, and this Order, the terms of this Order shall govern.

17. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

18. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: October 7th, 2022  
Wilmington, Delaware

J. KATE STICKLES  
UNITED STATES BANKRUPTCY JUDGE