IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) ) | Case No. 22-10778 (JKS) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**Objection Deadline: November 24, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled**

# FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE PERIOD FROM AUGUST 23, 2022 THROUGH SEPTEMBER 28, 2022

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of August 23, 2022 by order signed October 7, 2022 |
| Period for which Compensation and Reimbursement is Sought: | August 23, 2022 through September 28, 2022[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $158,239.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 19,473.29 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes__ No__ If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | No |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Reorganized Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

| | |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $0.00 |
| Number of Professionals Included in this Application: | 10 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | 0 |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for this Period: | ($11,760.50) |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 6 |

This is a:    ☐ monthly    ☐ interim    ☒ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| | | | | | |

No prior fee applications have been filed.

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,575.00 | 26.20 | $41,265.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 995.00 | 73.80 | $73,431.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 675.00 | 5.60 | $ 3,780.00 |
| Patricia E. Cuniff | Paralegal | $ 495.00 | 1.00 | $ 495.00 |
| Karina K. Yee | Paralegal | $ 495.00 | 46.80 | $23,166.00 |
| Ian Densmore | Paralegal | $ 495.00 | 0.20 | $ 99.00 |
| Cheryl A. Knotts | Paralegal | $ 460.00 | 0.70 | $ 322.00 |
| Andrea R. Paul | Case Management Assistant | $ 395.00 | 10.50 | $ 4,147.50 |
| Charles J. Bouzoukis | Case Management Assistant | $ 395.00 | 16.40 | $ 6,478.00 |
| Karen S. Neil | Case Management Assistant | $ 395.00 | 12.80 | $ 5,056.00 |

**Grand Total:** $158,239.50  
**Total Hours:** 194.00  
**Blended Rate:** $815.67

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Bankruptcy Litigation | 114.40 | $97,703.50 |
| Case Administration | 12.50 | $ 5,507.50 |
| Claims Admin./Objections | 6.30 | $ 5,294.50 |
| Employee Benefit/Pension | 1.90 | $   940.50 |
| Executory Contracts | 0.40 | $   270.00 |
| Financial Filings | 2.30 | $ 2,288.50 |
| Financing | 8.70 | $ 5,306.50 |
| Insurance Coverage | 1.50 | $   742.50 |
| Operations | 1.40 | $   693.00 |
| Plan & Disclosure Statement | 30.40 | $28,524.00 |
| Retention of Professional | 5.10 | $ 4,824.50 |
| Retention of Prof./Others | 7.70 | $ 5,451.50 |
| Tax Issues | 1.40 | $   693.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call | $       5.34 |
| Delivery/Courier Service | Advita | $   190.35 |
| Filing Fee | USBC | $15,692.00 |
| Legal Research | Lexis/Nexis | $     88.70 |
| Court Research | Pacer | $   656.80 |
| Reproduction Expense |  | $   115.60 |
| Reproduction/ Scan Copy |  | $ 2,724.50 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CARESTREAM HEALTH, INC., *et al.*,[1] | ) | Case No. 22-10778 (JKS) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: November 24, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled**

**FIRST AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM AUGUST 23, 2022 THROUGH SEPTEMBER 28, 2022**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Co-Counsel for the Debtors and Debtors in Possession ("Debtors"), hereby submits its First and Final Application for Compensation and for Reimbursement of Expenses for the Period from August 23, 2022 through September 28, 2022 (the "Application").

By this Application PSZ&J seeks a final allowance of compensation in the amount of $158,239.50 and actual and necessary expenses in the amount of $19,473.29 for a

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Carestream Health, Inc. (0334); Carestream Health Acquisition, LLC (0333); Carestream Health Canada Holdings, Inc. (7700); Carestream Health Holdings, Inc. (7822); Carestream Health International Holdings, Inc. (5771); Carestream Health International Management Company, Inc. (0532); Carestream Health Puerto Rico, LLC (8359); Carestream Health World Holdings, LLC (1662); and Lumisys Holding Co. (3232). The location of the Reorganized Debtors' service address is: 150 Verona Street, Rochester, New York 14608.

total final allowance of $177,712.79 and payment of the unpaid portion of such fees and expenses for the period August 23, 2022 through September 28, 2022 (the "Fee Period"):

**Background**

1. On August 23, 2022, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing these cases. The Debtors continued in possession of their property and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The retention of PSZ&J, as Co-Counsel for the Debtors, was approved effective as of August 23, 2022 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel for the Debtors and Debtors in Possession Effective as of the Petition Date," signed on or about October 7, 2022 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

4. Attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy Code must comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11

U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines"). The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases: Exhibit "A", Customary and Comparable Compensation Disclosures with Fee Applications; Exhibit "B", Summary of Timekeepers Included in this Fee Application, Exhibit "C-1", Budget; Exhibit "C-2", Staffing Plan; Exhibit "D-1", Summary of Compensation Requested by Project Category; Exhibit "D-2", Summary of Expense Reimbursement Requested by Category; and Exhibit "E", Summary Cover Sheet of Fee Application.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

5. By this Application, PSZ&J requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZ&J from August 23, 2022 through September 28, 2022. To the extent that PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J reserves the right, and respectfully requests that the Court authorize PSZ&J, to file a supplemental fee application(s) and submitting a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application.

6.  At all relevant times, PSZ&J has not represented any party having an interest adverse to these cases.

7.  At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtors.

8.  All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors, and not on behalf of any committee, creditor or other person.

9.  PSZ&J has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases. PSZ&J has received payments from the Debtors during the year prior to the Petition Date in the amount of $112,904.00, in connection with the preparation of initial documents and its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the prepetition payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

10. The professional services and related expenses for which PSZ&J requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZ&J's professional responsibilities as

attorneys for the Debtors in these chapter 11 cases. PSZ&J's services have been necessary and beneficial to the Debtors and their estates, creditors and other parties in interest.

### Fee Statements

11. The fee statements for the Fee Period are attached hereto as Exhibit F. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Fee Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

### Actual and Necessary Expenses

12. A summary of actual and necessary expenses incurred by PSZ&J for the Fee Period is attached hereto as part of Exhibit F. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

13. PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

14. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

15. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

16. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Fee Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Fee Period, are set forth in the attached Exhibit F.

17. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

**Summary of Services by Project**

18. The services rendered by PSZ&J during the Fee Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit F. Exhibit F identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

A.   **Bankruptcy Litigation**

19. This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Fee Period, the Firm, among other things: (1) performed

work regarding First Day motions and orders; (2) performed work regarding Agenda Notices and Hearing Binders; (3) attended to scheduling issues; (4) performed work regarding a notice of commencement of case; (5) prepared for and attended a hearing on First Day motions on August 24, 2022; (6) performed work regarding orders relating to joint administration, customer programs, NOL, and creditor matrix motions; (7) prepared for and attended a hearing on August 26, 2022; (8) attended to notice issues; (9) performed work regarding witness and exhibit lists; (10) prepared for and attended a hearing on September 28, 2022; and (11) corresponded and conferred regarding bankruptcy litigation issues.

    Fees: $97,703.50; Hours: 114.40

  **B.** **Case Administration**

  20. This category relates to work regarding administration of this case. During the Fee Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) maintained document control; and (3) maintained service lists.

    Fees: $5,507.50; Hours: 12.50

  **C.** **Claims Administration and Objections**

  21. This category relates to work regarding claims administration and claims objections. During the Fee Period, the Firm, among other things: (1) responded to creditor inquires; (2) performed work regarding a claims motion and order; (3) reviewed and analyzed claim transfer issues; and (4) corresponded regarding claim issues.

    Fees: $5,294.50; Hours: 6.30

### D.   Employee Benefit/Pension

22. This category relates to work regarding employee benefits and pension plans, and other employee issues. During the Fee Period, the Firm, among other things, performed work regarding a wages motion and order.

        Fees: $940.50;     Hours: 1.90

### E.   Executory Contracts

23. This category relates to work regarding executory contracts and unexpired leases of real property. During the Fee Period, the Firm, among other things, reviewed and analyzed issues regarding SAP America.

        Fees: $270.00;     Hours: 0.40

### F.   Financial Filings

24. This category relates to issues regarding compliance with reporting requirements. During the Fee Period, the Firm, among other things, reviewed and analyzed Initial Debtor Interview materials and performed work regarding Monthly Operating Reports.

        Fees: $2,288.50;     Hours: 2.30

### G.   Financing

25. This category relates to issues regarding Debtor in Possession ("DIP") financing and use of cash collateral. During the Fee Period, the Firm, among other things: (1) performed work regarding a notice of an interim DIP financing hearing; (2) performed work regarding confidentiality issues; (3) performed work regarding a DIP financing motion and interim order; (4) performed work regarding a cash management motion and interim order; (5) performed work regarding a redaction motion; (6) attended to issues regarding the exit ABL

facility commitment; (7) performed work regarding a final DIP financing order; and (8) corresponded regarding financing issues.

     Fees: $5,306.50;  Hours: 8.70

### H. Insurance Coverage

  26. This category relates to insurance coverage issues. During the Fee Period, the Firm, among other things, performed work regarding an insurance motion and order.

     Fees: $742.50;  Hours: 1.50

### I. Operations

  27. This category relates to issues regarding operations. During the Fee Period, the Firm, among other things, performed work regarding a utility motion and order.

     Fees: $693.00;  Hours: 1.40

### J. Plan and Disclosure Statement

  28. This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Fee Period, the Firm, among other things: (1) performed work regarding a certification of ballots; (2) performed work regarding a Disclosure Statement scheduling order; (3) performed work regarding notices of commencement and of the hearing on the Disclosure Statements; (4) reviewed and analyzed United States Trustee comments regarding the Plan and confirmation order; (5) performed work regarding a Plan Supplement; (6) performed work regarding a confirmation brief and declarations in support of Plan confirmation; (7) attended to scheduling issues; (8) performed work regarding a motion to exceed page limit relating to the confirmation brief; (9) performed work regarding a final confirmation order; (10) prepared for and attended a confirmation hearing on September 28,

2022; (11) performed work regarding revisions to the confirmation order; and (12) conferred and corresponded regarding Plan and Disclosure Statement issues.

Fees: $28,524.00;    Hours: 30.40

### K.    Retention of Professionals

29. This category relates to issues regarding retention of the Firm. During the Fee Period, the Firm, among other things, performed work regarding the Firm's retention application and order.

Fees: $4,824.50;    Hours: 5.10

### L.    Retention of Professionals--Others

30. This category relates to issues regarding the retention of professionals, other than the Firm. During the Fee Period, the Firm, among other things, performed work regarding the KCC, Houlihan Lokey, Kirkland Ellis, AlixPartners, and Ernst Young retention matters.

Fees: $5,451.50;    Hours: 7.70

### M.    Tax Issues

31. This category relates to work regarding tax issues. During the Fee Period, the Firm, among other things, performed work regarding a tax motion and order.

Fees: $693.00;    Hours: 1.40

### Valuation of Services

32. Attorneys and paraprofessionals of PSZ&J expended a total 194.00 hours in connection with their representation of the Debtors during the Fee Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,575.00 | 26.20 | $41,265.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 995.00 | 73.80 | $73,431.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 675.00 | 5.60 | $ 3,780.00 |
| Patricia E. Cuniff | Paralegal | $ 495.00 | 1.00 | $    495.00 |
| Karina K. Yee | Paralegal | $ 495.00 | 46.80 | $23,166.00 |
| Ian Densmore | Paralegal | $ 495.00 | 0.20 | $      99.00 |
| Cheryl A. Knotts | Paralegal | $ 460.00 | 0.70 | $    322.00 |
| Andrea R. Paul | Case Management Assistant | $ 395.00 | 10.50 | $ 4,147.50 |
| Charles J. Bouzoukis | Case Management Assistant | $ 395.00 | 16.40 | $ 6,478.00 |
| Karen S. Neil | Case Management Assistant | $ 395.00 | 12.80 | $ 5,056.00 |

**Grand Total:**  $158,239.50
**Total Hours:**      194.00
**Blended Rate:**   $815.67

33.   The nature of work performed by these persons is fully set forth in Exhibit F attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Debtors during the Fee Period is $158,239.50.

**Statement from PSZ&J**

34.   Pursuant to the Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under the United States Code by Attorneys in Larger Chapter 11 Cases, PSZ&J responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | No | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |
| If the fee application includes any rate increases since retention in these Cases:<br>  i.   Did your client review and approve those rate increases in advance?<br>  ii.  Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | N/A | |

35. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of August 23, 2022 through September 28, 2022, a final allowance be made to PSZ&J in the sum of $158,239.50 as compensation for reasonable and necessary professional services rendered to the Debtors and in the sum of $19,473.29 for reimbursement of actual and necessary costs and expenses incurred, for a total of $177,712.79; that Debtors be authorized and directed to pay to PSZ&J the outstanding amount of such sums; that to the extent PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J may file a supplemental fee application(s) and submit a certificate of no objection and order to the Court for final approval of such fees and expenses as

may be reflected in any supplemental fee application; and for such other and further relief as this Court deems proper.

Dated:  November 3, 2022        PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
Timothy P. Cairns (DE Bar No. 4228)
Edward Corma (DE Bar No. 6718)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:    ljones@pszjlaw.com
          tcairns@pszjlaw.com
          ecorma@pszjlaw.com

Co-Counsel for the Debtors and Debtors in Possession

# DECLARATION

STATE OF DELAWARE : 
: 
COUNTY OF NEW CASTLE :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the Debtors by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with such Rule.

*/s/ Laura Davis Jones*
Laura Davis Jones