**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CARESTREAM HEALTH, INC., | Case No. 22-10778 (JKS) |
| Reorganized Debtor. | **Re: Docket No. 223** |
| Tax I.D. No. 20-8190334 | |
| In re: | Chapter 11 |
| CARESTREAM HEALTH ACQUISITION, LLC, | Case No. 22-10779 (JKS) |
| Reorganized Debtor. | |
| Tax I.D. No. 20-8190333 | |
| In re: | Chapter 11 |
| CARESTREAM HEALTH CANADA HOLDINGS, INC., | Case No. 22-10780 (JKS) |
| Reorganized Debtor. | |
| Tax I.D. No. 20-8627700 | |
| In re: | Chapter 11 |
| CARESTREAM HEALTH HOLDINGS, INC., | Case No. 22-10781 (JKS) |
| Reorganized Debtor. | |
| Tax I.D. No. 20-8627822 | |
| In re: | Chapter 11 |
| CARESTREAM HEALTH INTERNATIONAL HOLDINGS, INC., | Case No. 22-10782 (JKS) |
| Reorganized Debtor. | |
| Tax I.D. No. 45-0575771 | |

3

| | |
|---|---|
| In re: <br><br> CARESTREAM HEALTH INTERNATIONAL MANAGEMENT COMPANY, INC., <br><br> Reorganized Debtor. <br><br> Tax I.D. No. 20-8620532 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 22-10783 (JKS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| In re: <br><br> CARESTREAM HEALTH PUERTO RICO, LLC, <br><br> Reorganized Debtor. <br><br> Tax I.D. No. 66-0688359 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 22-10784 (JKS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| In re: <br><br> CARESTREAM HEALTH WORLD HOLDINGS, LLC, <br><br> Reorganized Debtor. <br><br> Tax I.D. No. 32-0411662 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 22-10785 (JKS) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| In re: <br><br> LUMISYS HOLDING CO., <br><br> Reorganized Debtor. <br><br> Tax I.D. No. 77-0133232 | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 22-10786 (JKS) <br> ) <br> ) <br> ) <br> ) <br> ) |

**FINAL DECREE (A) CLOSING
CERTAIN OF THE CHAPTER 11 CASES,
(B) TRANSFERRING THE REMAINING CLAIMS
TO THE REMAINING CASE, (C) AMENDING THE CAPTION
OF THE REMAINING CASE, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and prior to the effective date of their chapter 11 plan, the "Debtors") for entry of a final decree (this "Final Decree") closing certain of these chapter 11 cases, other than *In re Carestream Health Holdings, Inc.*, No. 22-10781 (JKS) (the "Remaining Case"), all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtors, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Final Decree.

2. The following Reorganized Debtors' chapter 11 cases are hereby closed; *provided*, *however*, that this Court shall retain jurisdiction as provided in the Confirmation Order and this Final

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Decree, and the entry of this Final Decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen these chapter 11 cases for good cause shown:

| Debtor | Case No. |
|---|---|
| Carestream Health, Inc. | 22-10778 (JKS) |
| Carestream Health Acquisition, LLC; | 22-10779 (JKS) |
| Carestream Health Canada Holdings, Inc. | 22-10780 (JKS) |
| Carestream Health International Holdings, Inc. | 22-10782 (JKS) |
| Carestream Health International Management Company, Inc. | 22-10783 (JKS) |
| Carestream Health Puerto Rico, LLC | 22-10784 (JKS) |
| Carestream Health World Holdings, LLC | 22-10785 (JKS) |
| Lumisys Holding Co. | 22-10786 (JKS) |

3.      The Remaining Case shall remain open pending further order of the Court, and, from and after the date of entry of this Final Decree, all motions, contested matters, adversary proceedings, notices, and other pleadings relating to any of the Debtors or the Reorganized Debtors shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any of the Closing Cases.

4.      Claims asserted against, and interests asserted in, the Reorganized Debtors in the Closing Cases shall hereby remain unaffected by entry of this Final Decree, other than that all such claims and interests shall be administered in the chapter 11 case of *In re Carestream Health Holdings, Inc.*, No. 22-10781 (JKS), without prejudice to the rights of any stakeholder regarding claims asserted against the interests in the Reorganized Debtors for the Closing Cases.

5.      The Clerk of this Court shall enter this Final Decree individually on each of the dockets of the above-captioned chapter 11 cases and each of the dockets of the Closing Cases shall be marked as "Closed."

6.      The Remaining Case shall use the following caption in the case going forward:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CARESTREAM HEALTH HOLDINGS, INC.,[1] | ) | Case No. 22-10781 (JKS) |
|  | ) |  |
| Reorganized Debtor. | ) | (Formerly Jointly Administered under Lead Case: *In re Carestream Health, Inc.*, Case No. 22-10778 (JKS)) |

---

[1] The Reorganized Debtor in these chapter 11 cases, along with the last four digits of the Reorganized Debtor's federal tax identification number is: Carestream Health Holdings, Inc. (7822). The location of the Reorganized Debtor's service address is: 150 Verona Street, Rochester, New York 14608. On [___], 2022, the Court entered an order [Docket No. [__]] closing the chapter 11 cases of the Reorganized Debtors other than Case No. 22-10781 (JKS).

7.  From and after the date of entry of this Final Decree, any payments made pursuant to the Plan on account of claims arising prior to the Effective Date shall be reflected in Carestream Health Holdings, Inc.'s post-confirmation quarterly reports regardless of which Debtor or Reorganized Debtor such claims are against.

8.  The Reorganized Debtors shall complete any remaining quarterly reports with respect to the Closing Cases and pay all U.S. Trustee fees within thirty (30) days of the due date of such reports.

9.  The final report for the Reorganized Debtors in the Closing Cases required under Local Rule 3022-1(c) shall be included as part of a consolidated report for all the Reorganized Debtors and filed in connection with the closure of the Remaining Case.

10. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of the Closing Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Reorganized Debtors to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that

were filed against the Debtors in the chapter 11 cases as contemplated by the Plan and the Confirmation Order.

11. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Reorganized Debtors or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action that may exist against any entity; or (g) a waiver or limitation of the rights of the Reorganized Debtors or any other parties in interest under the Bankruptcy Code or any other applicable law.

12. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

13. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

14. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted in this Final Decree in accordance with the Motion.

15. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

Dated: November 10th, 2022
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE